IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Robbie G. Stroman<br>*on behalf of D.D.S., a minor child*,<br><br>             Plaintiff,<br><br>v.<br><br>Carolyn W. Colvin, Acting Commissioner<br>of Social Security,<br><br>             Defendant. | Civil Action No. 0:13-cv-2496-TMC<br><br>**ORDER** |

The plaintiff, Robbie G. Stroman ("Stroman"), on behalf of her minor son D.D.S., brought this action pursuant to the Social Security Act ("SSA"), 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security ("Commissioner"), denying D.D.S.'s claim for Supplemental Security Income ("SSI"). In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(a), D.S.C., this matter was referred to a magistrate judge for pretrial handling. Now before this court is the magistrate judge's Report and Recommendation ("Report"), recommending the court to affirm the Commissioner's decision. (ECF No. 24).[1] In the Report, the magistrate judge sets forth the relevant facts and legal standards, which are incorporated herein by reference. Stroman has filed objections to the Report (ECF No. 25), and the Commissioner has responded to those objections (ECF No. 27). Accordingly, this matter is now ripe for review.

---

[1] The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

## BACKGROUND

Stroman applied for SSI on behalf of D.D.S. in July 2010, alleging disability beginning on October 30, 2010. D.D.S.'s application was denied initially and on reconsideration. On May 17, 2012, an Administrative Law Judge ("ALJ") heard testimony from D.D.S. and Stroman. On June 7, 2012, the ALJ issued a decision denying D.D.S.'s claim.

In his decision, the ALJ found that D.D.S. suffered from the following severe impairments: learning disability, attention deficit hyperactivity disorder ("ADHD"), and speech problems. (ECF No. 24 at 3). The ALJ determined that D.D.S.'s impairments met a functional equivalence in one domain but not in any of the other five domains. Stroman sought review of her case by the Appeals Council. The Appeals Council denied Stroman's request for review, making the ALJ's decision the final decision of the Commissioner. This action followed.

## STANDARD OF REVIEW

The federal judiciary has a limited role in the administrative scheme established by the SSA. Section 405(g) of the Act provides, "the findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined . . . as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a de novo review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). Thus, in its review, the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] own judgment for that of the [Commissioner]." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996).

However, "[f]rom this it does not follow . . . that the findings of the administrative

agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative agency." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). Rather, "the courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that this conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

## DISCUSSION

Stroman's first objection is that the ALJ failed to consider D.D.S.'s oppositional defiance disorder ("ODD") and poor impulse control as severe impairments. (ECF No. 25). As the magistrate judge discussed, Stroman, who had representation before the ALJ, did not state that either of those impairments were severe to the ALJ. (ECF Nos. 24 at 6; 11-6 at 43). In her pre-hearing brief, Stroman listed the following severe impairments of D.D.S.: (1) borderline intellectual functioning; (2) speech/language impairment; and (3) ADHD. (ECF No. 11-6 at 43). She listed ODD as a mental impairment but not as a severe impairment; poor impulse control was not listed as a severe impairment, non-severe impairment, or a mental impartment. (ECF No. 11-6 at 43). In addition, in the letter appealing the ALJ decision to the Appeals Council, Stroman did not list either ODD or poor impulse control as severe impairments. (ECF No. 11-6 at 81). Perhaps realizing that she did not properly raise ODD or poor impulse control as severe impairments below, Stroman now argues that the court should remand cases whenever a social security litigant can introduce new arguments that she failed to raise to the ALJ. (ECF No. 25 at 1). She states "that Social Security administrative proceedings are informal, and claimants do not lose their right to raise issues or evidence of impairment by failing to assert them at the administrative level." (ECF No. 25 at 1). As properly discussed by the magistrate, the ALJ should be able to rely on representations made by counsel. (ECF No. 24 at 6-7).

3

In any event, the ALJ did consider these impairments. The ALJ specifically indicated that he has "assessed the interactive and cumulative effects of the claimant's medically determinable impairment(s), including any impairments that are not 'severe' in all of the affected domains." (ECF No. 11-2 at 18). Therefore, even if the ALJ erred by not considering these impairments as severe, Stroman has not provided evidence that the ALJ's factual determinations would have been affected by such an error. *See Shinseki v. Sanders*, 556 U.S. 396, 409 (2009) (party seeking to set aside an erroneous ruling must show prejudice). Therefore, the court finds this objection without merit.

Stroman's next objection is that the magistrate judge used *post hoc* reasoning to uphold the ALJ decision. (ECF No. 25 at 3-4). Stroman asserts that the magistrate judge erred by supplying *post hoc* rationalizations with regard to two domains: (1) attending and completing tasks and (2) interacting and relating to others. (ECF No. 25).

In *Securities and Exchange Commission v. Chenery Corp.*, the Supreme Court stated: "The grounds upon which an administrative order must be judged are those upon which the record discloses that its action was based." 318 U.S. 80, 87 (1943). Thus, "[t]he courts may not accept appellate counsel's *post hoc* rationalizations for agency action; *Chenery* requires that an agency's discretionary order be upheld, if at all, on the same basis articulated in the order by the agency itself." *Burlington Truck Lines, Inc. v. United States*, 371 U.S. 156, 168-69 (1962).

Although a court is not to give *post hoc* rationalizations for agency action, the duty of a reviewing court of an ALJ's decision is to ascertain whether substantial evidence supports the ALJ's factual determination. *See* 42 U.S.C. § 405(g). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) (quoting *Richardson v. Perales*, 402 U.S. 389, 401

4

(1971)). Accordingly,

> [w]here the magistrate judge mentions in his report additional evidence in the record supporting the ALJ's opinion, the magistrate judge is not guilty of applying a *post-hoc* rationale as contemplated by *SEC v. Chenery Corp.* Rather, the magistrate judge is simply noting that substantial evidence relied upon by the ALJ is not inconsistent with other evidence in the record.

*Hodgson v. Barnhart*, No. A.5:05-CV-14, 2006 WL 5527016 at *4 (N.D. W. Va. Mar. 27, 2006) *see, e.g.*, *George-Douglas v. Commissioner*, No. 12-2729, 2013 WL 4242372 at *2 (D. Md. Aug. 13, 2013) (letter from a magistrate judge to counsel) ("Attempting to offer a *post hoc* conclusion is not analogous to the Commissioner's attempt here to point to support in the record for the ALJ's finding. Where the ALJ has offered explanation of his conclusions, the Commissioner is certainly permitted to point to relevant evidence in the record that offers additional support."); *Wells v. Astrue*, No. 3:10-cv-721, 2012 WL 966660 at *2-3 (E.D. Va. Mar. 21, 2012) (noting that this type of argument "misinterprets both the Magistrate's rationale, as well as the standard for judicial review"); *Shamlee v. Astrue*, No. 2:09-cv-290, 2010 WL 3187609 at *2 (E.D. Va. Aug. 11, 2010) (stating the magistrate judge's duty is to determine whether substantial evidence supports the findings of the ALJ).

With respect to the attending and completing tasks domain, the ALJ noted that D.D.S. is easily distracted, and that he has difficulty asking and answering questions. (ECF No. 11-2 at 22). However, the ALJ weighed more heavily the recent mental health treatment notes that showed improvement in school. (ECF No. 11-2 at 22). The treatment notes were summarized by the ALJ in his order, and state that D.D.S. is improving, and "he is doing well in school with good task completion." (ECF No. 11-2 at 19).

In the Report, the magistrate judge found that Stroman failed to prove that the ALJ's findings were unsupported by substantial evidence. (ECF No. 24 at 10). To determine whether

the ALJ's decision was supported by substantial evidence, the magistrate judge looked to opinions by a state reviewing psychological expert and a medical expert. (ECF No. 24 at 10). Those opinions supported the ALJ's factual determination. (ECF No. 24 at 10). Stroman objects to the magistrate judge's use of this information because the ALJ did not directly reference the expert opinions in his order. (ECF No. 25 at 4).

In the section to which Stroman objects, the magistrate judge stated: "While Stroman points to selective pieces of evidence she contends supports additional limitations, the court finds that the ALJ's decision is comfortably within the bounds of substantial evidence." (ECF No. 24 at 9-10). The magistrate judge then provided examples to show that the ALJ's factual determination was supported by substantial evidence; one of those examples is that the expert opinions support the ALJ's decision. (ECF No. 24 at 10). Accordingly, the court finds that the magistrate judge used the expert opinions to show that the ALJ's conclusion was supported by substantial evidence.

In addition, Stroman asserts that the magistrate judge improperly cited to evidence not mentioned by the ALJ with regard to the ability to interact and relate to others domain. (ECF No. 25 at 5). Stroman does not specifically indicate what alleged *post hoc* rationalization the magistrate judge provided to affirm the ALJ's decision. (ECF No. 25 at 5). Instead, Stroman provides the court with a page of the Report where the alleged *post hoc* rationalization occurred. (ECF No. 25 at 5). As was the case with the attending and completing tasks domain, the page provided by Stroman discussed how she failed to demonstrate that the ALJ's factual determination was unsupported by substantial evidence. On that page, the magistrate judge also provided examples to show that the ALJ's decision was supported by substantial evidence. Therefore, the court finds her objections without merit.

Stroman next objects to the ALJ's use of D.D.S.'s improvement in grades in the attending and completing tasks domain because grades are not necessarily considered significant (or insignificant) in this domain.  (ECF No. 25 at 4).  Stroman misconstrues what the ALJ relied upon.  The treatment notes indicate that D.D.S. "is doing well in school with *good task completion*."  (ECF No. 11-2 at 19) (emphasis added).  As the ALJ stated, the attending and completing domain considers, among other aspects of the child, "how well he is able to begin, carry through, and finish activities."  (ECF No. 11-2 at 21).  Thus, good task completion is relevant under this domain, and the court finds this objection without merit.

The rest of Stroman's objections are non-specific, unrelated to the dispositive portions of the Report or merely restate Stroman's claims raised in her initial briefs.  Therefore, the court will not consider them.  Nonetheless, even if Stroman could prove that the ALJ erred, she has not shown any resulting prejudice from any such error.  *See Shinseki*, 556 U.S. at 409 (party seeking to set aside an erroneous ruling must show prejudice).  Therefore, the court finds her objections without merit.

## CONCLUSION

After carefully reviewing the record, the court finds that the ALJ, in reviewing the medical history and subjective testimony, conducted a thorough and detailed review of D.D.S.'s impairments, arguments, and functional capacity.  Likewise, the magistrate judge considered each of Stroman's arguments and properly addressed each in turn, finding them without merit.  Having conducted the required de novo review of the issues to which Stroman has objected, the court finds no basis for disturbing the Report.  Accordingly, the court adopts the Report and its recommended disposition.  Therefore, for the reasons set out above and in the Report, the Commissioner's final decision is **AFFIRMED.**

**IT IS SO ORDERED.**

                                                s/Timothy M. Cain
                                                United States District Judge

Anderson, South Carolina
January 26, 2015